# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:18-cr-196-DWF-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Alonzo Martice Brumley (1), and Howard Lee Young (2) | |
| Defendants. | |

This matter is before the Court on motions for discovery and disclosure filed by the government and Defendants Alonzo Martice Brumley and Howard Lee Young. The Court held a hearing on the motions on October 29, 2018. Based on the motions that were filed, the written responses, and the arguments presented at the hearing, the Court enters the following Order.

1. **Government's Motions for Discovery (ECF Nos. 23, 24)**

The government's motions for discovery of information pursuant to Rule 16 of the Federal Rules of Criminal Procedure are **GRANTED**. The defendants shall provide discovery and disclosures as required by the Fed. R. Crim. P. 16.

2. **Mr. Brumley's Motion for Disclosure of Favorable Evidence (ECF No. 25)**

Mr. Brumley's motion for disclosure of favorable evidence is **GRANTED**. The government is obligated to disclose evidence favorable to the defendant as required by

*Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. These cases place an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to the defendant.

3. **Mr. Brumley's Motion for Disclosure of 404(b) Evidence (ECF No. 26)**

Mr. Brumley's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **two weeks** before trial.

4. **Mr. Brumley's Motion for Disclosure of Expert Witnesses (ECF No. 27)**

Mr. Brumley's motion for expert discovery is **GRANTED**. The government shall make its expert disclosures at least **three weeks** prior to trial. Any expert disclosures to be made by Mr. Brumley must be completed by **two weeks** before trial.

5. **Mr. Brumley's Motion for Disclosure of Jencks Act Materials (ECF No. 28)**

Mr. Brumley's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy"). The government is strongly encouraged to disclose any Jencks Act material as early as possible. To the extent any Jencks Act material has not yet been

shared, the government has agreed to provide it to the defense no later than three days before trial.

6. **Mr. Brumley's Motion for Counsel to Participate in Voir Dire (ECF No. 29)**

Mr. Brumley's motion for counsel to participate in voir dire is **DENIED WITHOUT PREJUDICE** because it is premature. Judge Frank will consider Mr. Brumley's requests regarding voir dire during the pretrial conference in this matter.

7. **Mr. Brumley's Motion for Disclosure by Government to Provide Grand Jury Testimony of Witnesses (ECF No. 30)**

Mr. Brumley's motion for disclosure of grand jury transcripts is **DENIED**. There is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). A court may authorize disclosure of grand jury transcripts if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *United States v. Daniels*, 232 Fed. App'x 611, 612 (8th Cir. 2007). Such a showing requires the "presentation of specific evidence of prosecutorial overreach."

*United States v. Finn*, 919 F. Supp. 1305, 1327 (D. Minn. 1995). Mr. Brumley has failed to make such a showing.

8. **Mr. Brumley's Motion to Retain Rough Notes (ECF No. 31)**

Mr. Brumley's motion for government agents to retain rough notes is **GRANTED**. Disclosure of rough notes is not required by this paragraph.

9. **Mr. Young's Motion for Disclosure of 404(b) Evidence (ECF No. 33)**

Mr. Young's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **two weeks** before trial.

10. **Mr. Young's Motion for Disclosure of Favorable Evidence (ECF No. 34)**

Mr. Young's motion for disclosure of favorable evidence is **GRANTED**. The government is obligated to disclose evidence favorable to the defendants as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Constitution places an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to the defendants.

**11. Mr. Young's Motion for Discovery (ECF No. 35)**

Mr. Young's motion for discovery and inspection is **GRANTED** to the extent it seeks discovery and disclosure consistent with Fed. R. Crim. P. 16. The government shall continue to comply with its discovery and disclosure obligations.

**12. Mr. Young's Motion for Disclosure of Jencks Act Material (ECF No. 36)**

Mr. Young's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy"). The government is strongly encouraged to disclose any Jencks Act material as early as possible. To the extent any Jencks Act material has not yet been shared, the government has agreed to provide it to the defense no later than three days before trial.

**13. Mr. Young's Motion for Expert Discovery (ECF No. 37)**

Mr. Young's motion for expert discovery is **GRANTED**. The government shall make its expert disclosures at least **three weeks** prior to trial. Any expert disclosures to be made by Mr. Young must be completed by **two weeks** before trial.

Date: October 30, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge