UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-196 (DWF/KMM) |
| | Civil No. 21-1523 |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Alonzo Martice Brumley, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Alonzo Martice Brumley's ("Brumley") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] (Doc. No. 177 ("Motion").) The United States of America (the "Government") opposes Brumley's Motion. (Doc. No. 188 ("Govt. Opp.").) For the reasons set forth below, the Court respectfully denies Brumley's Motion.

## BACKGROUND

On August 15, 2018, a grand jury returned an indictment charging Brumley and two others with a single count of conspiring to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.[2] (*See* Doc. No. 10.)

---

[1]  The Court also received and considered Brumley's exhibits (Doc. No. 178 ("Exs.")) and his response to the Government's opposition with attachments (Doc. No. 197 ("Reply")).

[2]  The investigation that led to Brumley's indictment involved a number of controlled buys and a wiretap that intercepted Brumley and a co-conspirator distributing heroin and discussing firearms. (Doc. No. 66 ("PSR") (filed under seal) ¶¶ 12-22.) The

Brumley pleaded guilty to the charges on February 14, 2019.[3]  (Doc. No. 58.)

At his plea hearing, Brumley testified that he had sufficient time to consult with his attorney, he was satisfied with the services and representation his attorney provided, and that he was not making any claim that he was innocent of the conspiracy to distribute one-hundred grams or more of heroin.  (Plea Hr'g Tr. at 3, 25-26.)  Brumley also testified as to his understanding that by pleading guilty, he waived his rights to bring other challenges to the Government's case, including alleged constitutional violations.  (*Id.* at 17-18.)

Following his guilty plea, and consistent with similarly situated cases, the Court ordered a Presentence Report ("PSR") to be prepared by the United States Probation and Pretrial Services Office.  (Doc. No. 58)  As the leader of the conspiracy, the PSR determined that Brumley was responsible for all of the drugs it involved.[4]  (PSR ¶ 28.)  Based on the quantity of drugs involved, the PSR determined that Brumley's base offense level was 30.  (*Id.* ¶ 36.)  With enhancements for Brumley's leadership role, possession of a dangerous weapon and use of a stash house, and a reduction for his acceptance of responsibility, the PSR determined a total offense level of 33.  (*Id.* ¶¶ 37-41.)  The PSR

---

investigation uncovered that Brumley was the leader of the conspiracy and linked him to two seized firearms.  (*Id.* ¶¶ 10, 28, 37, 41.)

[3]     Brumley pleaded guilty without entering into a plea agreement.  (Doc. No. 103 ("Plea Hr'g Tr.") at 4, 11.)

[4]     A large quantity of the drugs contained fentanyl or fentanyl analogues.  (PSR ¶ 28.)  Because of the various drug types and mixtures, the PSR used the Drug Conversation Tables to convert the drugs into a combined weight of 2,267.12 kilograms.  (*Id.* ¶ 36.)

further determined that Brumley was in criminal history category V, resulting in an effective advisory Guidelines' ranges of 210-262 months' imprisonment. (*Id.* ¶¶ 75, 129.)

Through counsel, Brumley objected to the enhancements for his leadership role, possession of a dangerous weapon, and use of a stash house.[5] (*Id.* at A.1-A.3.) At sentencing, the Court found that each of the recommended enhancements applied and ultimately sentenced Brumley to 158 months' imprisonment to be followed by a 5-year term of supervised release.[6] (Doc. Nos. 87, 92.)

The Court entered judgment on May 24, 2019 (Doc. No. 92) and Brumley timely appealed, arguing that the Court erred in applying each of the enhancements recommended by the PSR (Doc. No. 94). The Eighth Circuit affirmed this Court's judgment on July 20, 2020. *United States v. Brumley*, 820 F. App'x 490, 494 (8th Cir. 2020).

Brumley filed the instant Motion on June 28, 2021.[7] He contends that relief is appropriate because he received ineffective assistance of counsel when his attorney failed

---

[5] At sentencing, Brumley's attorney argued that the weapon enhancement should not apply in part because there was no physical evidence connecting Brumley to the seized firearms. (Doc. No. 105 ("Sent'g Tr.") at 5-6.)

[6] The below Guidelines sentence represented what the Court felt was sufficient but not greater than necessary to promote respect for the law and accounted for Brumley's unique circumstances, including his struggles with substance abuse and traumatic events in his life. (*Id.* at 41-44.)

[7] Section 2255 actions have a one-year limitation period that runs from the latest of the date which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws

to: (1) file certain pretrial motions challenging the wiretap; (2) produce a voice analyst to verify Brumley was the person speaking on the wiretap; (3) make the Court aware of an identifiable but unknown fingerprint discovered on the seized firearm; and (4) raise the issue of constructive amendment or to withdraw his guilty plea due to the inclusion of fentanyl as relevant conduct.[8] (*See* Motion at 1-9; *see also* Reply at 1-16.) Brumley also requests an evidentiary hearing. (Motion at 9.)

## DISCUSSION

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

---

of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Based on when Brumley's conviction became final, the Court finds that his Motion is timely filed. The Court observes that its Order follows several lengthy extensions of time that it granted to Brumley to file a response to the Government's opposition to his Motion. (*See* Doc. Nos. 190, 192, 194, 196.)

[8] In his Reply, Brumley also argues that his drug quantity was miscalculated when the Government "substitute[d] another person of the same gender as the one originally charged," after the person originally charged was exonerated. (Reply at 12-14.) He contends that his drug quantity should not be impacted by seven drug buys connected to the exonerated individual. (*Id.*) The record reflects that Brumley raised this issue with his attorney and that his attorney responded appropriately. (*See* Doc. No. 197-1 at 38 ¶ 14.) The Court finds that Brumley has failed to show that his attorney's performance was unreasonably deficient or that he suffered prejudice with respect to this issue.

4

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

A defendant may not use a § 2255 petition to relitigate issues that were decided against him on direct appeal, or that could have been raised on direct appeal but were not. *English v. United States*, 998 F.2d 609, 612-13 (8th Cir. 1993); *Thompson v United States,* 7 F.3d 1377, 1379 (8th Cir. 1993); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992); *Ford v. United States*, 983 F.2d 897, 898-99 (8th Cir. 1993) (per curiam) (claims which could have been raised on direct appeal will not be considered in a section 2255 proceeding absent cause and substantial, actual prejudice).

Every criminal defendant has a constitutional right, guaranteed by the Sixth and Fourteenth Amendments, to effective counsel at trial and sentencing. *Strickland v. Washington*, 466 U.S. 668, 706 (1984); *Wooten v. Norris*, 578 F.3d 767, 781 (8th Cir. 2009). The Eighth Circuit follows the two-part *Strickland* test for reviewing claims of ineffective counsel; to succeed in his claim, Brumley must show that his attorney's

5

performance was unreasonably deficient, and that Brumley "suffered such prejudice from the deficient performance there is a reasonable probability the result would have been different." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014).

In the context of a guilty plea, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019). If a defendant cannot prove prejudice, a court "need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To prevail on a claim for ineffective assistance of counsel under § 2255, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076.

Careful review of the record before this Court shows that the facts do not support Brumley's claims of ineffective assistance. First, while Brumley contends that his attorney was ineffective for failing to move to challenge certain wiretaps used against him, he does not assert that but for this alleged failure, there is a reasonable possibility that he would not have pleaded guilty.[9] Without a clear assertion that Brumley would

---

[9] To the extent Brumley challenges the wiretaps based on an alleged violation of his constitutional rights, he waived his right to raise such claims when he pleaded guilty. *United States v. Vaughan*, 13 F.3d 1186, 1187–88 (8th Cir.1994) ("A defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (internal quotation marks and citation omitted)).

have proceeded to trial if his attorney had challenged the wiretaps, the Court finds no evidence that Brumley suffered prejudice.[10] *Meza-Lopez*, 929 F.3d at 1044.

Further, even if Brumley's attorney had moved to challenge the wiretaps, the Court finds no reasonable probability that any such motion would have been granted. Because any such motion was bound to fail, the Court cannot conclude that Brumley received ineffective counsel when his attorney failed to advance them. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("Counsel's failure to advance a meritless argument cannot constitute ineffective assistance.").

Specifically, while Brumley argues that his attorney should have raised an issue regarding the timeliness of when certain wiretaps were executed (Motion at 9), the Court notes that the challenged wiretaps were properly authorized pursuant to the Attorney General's authority to delegate wiretap approval to various other individuals.[11] (*See* Doc. No. 178-1 at 5.) Because there is no reasonable probability that any motion challenging the timeliness of the wiretaps would be granted, the Court finds that Brumley cannot demonstrate prejudice on this issue.

---

[10]    Even with such an assertion, because the bulk of the evidence against Brumley—including the drug quantity attributed to him—was derived from controlled buys, it cannot be assumed that he would not have pleaded guilty if any wiretap was suppressed. *Meza-Lopez*, 929 F.3d at 1044 ("Judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences.").

[11]    On February 27, 2017—soon after he was confirmed—then-Attorney General Sessions revoked a designation issued by his predecessor and ordered the delegation of his wiretap authority to various individuals, including those who authorized the challenged wiretaps. (*Id.* at 1-9.)

Brumley also argues that his attorney should have moved to suppress certain wiretaps and for a *Franks* hearing based on allegations related to the accuracy of confidential reliable informants ("CRIs").[12] (Motion at 2-4; Reply at 6-8; *see also* Exs. at 1-15.) A defendant is entitled to a *Franks* hearing only upon "'making a substantial preliminary showing' that the warrant's issuing judge relied on statements in an affidavit that were false or were 'omissions made knowingly and intentionally, or with reckless regard for the truth.'" *United States v. Mayweather*, 993 F.3d 1035, 1043 (8th Cir. 2021) (quoting *United States v. El-Alamin*, 574 F.3d 915, 924-25 (8th Cir. 2009)). "This substantiality requirement is not met lightly and requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015). "A mere allegation standing alone" is insufficient.[13] *El-Alamin*, 574 F.3d at 925. The defendant must also show that the alleged false statement or omission was necessary to the finding of probable cause. *United States v. Engler*, 521 F.3d 965, 969 (8th Cir. 2008).

---

[12] "Under *Franks,* a criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination." *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013) (citing *Franks v. Delaware,* 438 U.S. 154 at 155-56 (1978)). Here, Brumley requests a *Franks* hearing based on his assertion that probable cause for the wiretaps and search warrant was lacking because "the testimony of 5 CRI's was inconsistent or inaccurate" and CRI's have long criminal histories. (Motion at 4; Reply at 6-8; *see also* Exs. at 6, 10.)

[13] While Brumley asserts several conclusions related to the accuracy of the CRIs, the Court finds that he has failed to meet the high standard necessary to substantiate his claims.

Here, the Court finds that Brumley's allegations do not meet the substantiality requirement necessary to show that the affiant knowingly disregarded the truth in his warrant affidavit in attempt to mislead the issuing judge. *El-Alamin*, 574 F.3d at 925. Because there is no reasonable probability that a motion for a *Franks* hearing would have been granted, the Court again finds that Brumley cannot demonstrate prejudice.[14]

The Court similarly concludes that Brumley's attorney was not ineffective when he did not produce a voice analyst to confirm that it was Brumley who was speaking on the wiretap. First, as discussed above, there is no reasonable probability that Brumley would have proceeded to trial but for his attorney's failure to produce a voice analyst when the bulk of the evidence against him derived from controlled buys. More importantly, the Court notes that Brumley pleaded guilty to the charges against him and affirmatively stated that he made no claim that he was innocent. (Plea Hr'g at 25-26.) Accordingly, the Court cannot conclude that a voice analyst was relevant or that Brumley suffered prejudice when his attorney failed to produce one. This is also true with respect to Brumley's claim that his attorney was ineffective when he failed to call the authors of certain lab reports as witnesses.[15] (*See* Motion at 6; Reply at 10-11.) The Court cannot

---

[14] As discussed above, even if a *Franks* hearing were appropriate and there was sufficient evidence to suppress the wiretaps, there is no reasonable probability that Brumley would not have pleaded guilty because the bulk of the evidence against him derived from the controlled buys.

[15] Brumley does not specify what lab reports or the hearings at which the authors should have testified. (*See* Motion at 6; Reply at 10-11.)

9

conclude that Brumley suffered prejudice when he offers no evidence of what the authors' testimony would be or how it would have affected the outcome.

The Court also finds that Brumley's attorney was not ineffective when he did not inform the Court about a fingerprint on one of the seized firearms.[16] (*See* Motion at 6-7; Reply at 12.) The record clearly reflects that Brumley's attorney argued against the sentencing enhancement for possession of a firearm. (Sent'g Tr. at 5-6.) While Brumley's attorney did not specifically inform the Court about the unidentified fingerprint, he did argue that the enhancement should not apply because there was no physical evidence linking Brumley to the firearm. (*Id.*) Moreover, Brumley's possession of the firearm was based on evidence obtained from other sources rather than the presence or absence of any fingerprint. (*See* PSR ¶¶ 18, 20, 23, 26.) Therefore, the Court cannot conclude that Brumley's attorney was unreasonably deficient when he did not advance a more detailed version of an already unsuccessful argument.[17]

Finally, the Court finds that Brumley's attorney was not ineffective when he failed to argue that inclusion of fentanyl as relevant conduct constituted a constructive

---

[16] Brumley contends that the presence of an unidentified fingerprint on the firearm would have been relevant to the sentencing enhancement he received for possessing a dangerous weapon in connection with drug trafficking. (Motion at 6-7.)

[17] The Court also notes that Brumley cannot show prejudice when a co-conspirator who advanced the argument Brumley now raises received the same sentencing enhancement despite the Court's knowledge of the unidentified fingerprint. (*See* Doc. No. 111 at 4-6, 19.) The Court observed that even with the unidentified fingerprint, it "was not clearly improbable that the weapons were connected with the offense." (*Id.* at 19.)

amendment of the Brumley's Indictment.[18]  The Court first observes that inclusion of the fentanyl was part of Brumley's offense conduct because it was often mixed with or distributed in lieu of heroin.  (*See* PSR ¶ 28.)  When multiple drugs are involved in an offense, the Sentencing Guidelines specifically provide a mechanism to convert each drug into a converted drug weight which is then totaled to determine a single offense level.  *See* U.S.S.G. § 2D1.1.  When a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level.  *Id.* (n.(A)) and comment. (n.8(B)).

Here, the converted drug weights of the mixtures containing heroin and either fentanyl or fentanyl analogue had the higher converted drug weights, and were thus applied.  Therefore, there is nothing improper about holding Brumley responsible for the fentanyl and fentanyl analogues that were mixed with the heroin he distributed, and his attorney was not ineffective for failing to advance any meritless argument to the contrary.  *Rodriguez*, 17 F.3d at 226.

Based on the entirety of the record, the Court simply cannot conclude that Brumley received ineffective counsel when he has not shown that his attorney's performance was unreasonably deficient or that he suffered prejudice in any way.  *Roundtree*, 751 F.3d at 925.

---

[18]     Brumley alleges that because he plead guilty to a conspiracy to distribute heroin, he could not be held accountable under the Guidelines for the other controlled substances contained in that heroin.  (Motion at 7-9; Reply at 10, 12-14.)

11

The Court also concludes that based on the record before it, there is no reason for the Court to further explore any credibility issues with respect to Brumley's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court concludes that no evidentiary hearing is required in this case.

Finally, an appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Court has considered whether the issuance of a COA is appropriate. In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Brumley has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

As set forth above, the Court respectfully denies Brumley's Motion because he has failed to show ineffective assistance of counsel. The Court also concludes that no evidentiary hearing is required, and that Brumley has failed to show that issuance of a certificate of appealability is appropriate.

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Defendant Alonzo Martice Brumley's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct (Doc. No. [177]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

4. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 15, 2022                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge